EXAMINATION OF PARTY BEFORE TRIAL—AFFIDAVIT ON INFORMATION AND BELIEF.

An affidavit for an order directing defendant's examination before trial, to obtain facts to frame a complaint, is insufficient, where it states the material facts on information and belief.

Appeal from special term, New York county.

Action by Bertha Koehler, executrix, etc., respondent, against Samuel D. Sewards, appellant. Plaintiff obtained an order requiring defendant to appear and be examined before trial, which defendant moved to vacate. From an order denying this motion defendant appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wales F. Severance,* for appellant. *Emanuel I. Myers,* for respondent.

DANIELS, J. The object for which the examination of the defendant has been directed to be taken is to obtain facts to insert in the complaint, to present a cause of action. The claim is made that, on loans of money made at different times by the defendant to the testator, usurious rates of interest were exacted and paid, and it is proposed to examine the defendant, to obtain an account of such loans, and the interest reserved and received. But fundamental difficulty appears in the way of sustaining the order; and that is that the affidavit has been made by the attorney, and its important statements rest upon information and belief alone. Such an affidavit has been so often held to be insufficient for an order of this nature as almost to render it needless to cite authorities to sustain the position. It was distinctly so held in *Barnard* v. *Kobbe,* 54 N. Y. 516, 520, 521, and in *Bank* v. *Alberger,* 78 N. Y. 252. Beyond that, the answer of the plaintiff herself, in the suit of Wortmann against herself, indicates the fact to be that she is possessed of ample information concerning the loans, so as to be able to frame her complaint without the examination of the defendant. The order should be reversed, with $10 costs, and also the disbursements. All concur.

---

PEOPLE *ex rel.* McCORMACK *v.* McCLAVE *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.* January 24, 1890.)

CRIMINAL LAW—FORMER JEOPARDY.

The fact that a judgment of the police commission dismissing relator from the police force was reversed on appeal because of the rejection of proper evidence at the trial, but on which appeal the merits were not considered, forms no bar to another trial for the same offense.

*Certiorari* to police commissioners of the city of New York.

Action by the people, on the relation of Hugh McCormack, to review the action of the police commissioners of the city of New York in dismissing the relator from the police force. The charge against him was that he had assaulted one Joseph Danut, and did not arrest him. He was convicted on a

former trial, but the judgment of conviction was reversed (3 N. Y. Supp. 841) because of the rejection of proper evidence by the commissioners at the trial. On the new trial, he was again found guilty, and dismissed from the force. He now claims that the former conviction and reversal are a bar to any other proceedings for the same offense.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

J. M. Tierney, for relator. J. J. Delany, for respondents.

PER CURIAM. The grievance of which the relator complains is that he has been placed upon trial again for a violation of duty for which he was convicted on a former trial, the judgment in which was reversed upon the ground that evidence which the court thought he was entitled to produce and use, he had not been allowed to present for their consideration. There is no merit in the point presented upon this circumstance. On the first appeal the merits were not considered, for the reason just stated, viz., that the judgment was reversed upon the ground that the commissioners refused to admit testimony which was thought to be pertinent. The proceedings of the commissioners should be affirmed, and the writ dismissed.